MJM/MFD: USAO#2021R00367
JTM 06.17.21

FILED ___ ENTERED
___ LOGGED ___ RECEIVED

10:46 am, Jun 30 2021
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ____kn____ Deputy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | CRIMINAL NO. CCB 21-cr-242 |
| v. | * | |
| | * | (Conspiracy to Commit Access Device |
| **SUNDAY AJAYI,** | * | Fraud, 18 U.S.C. § 1029(b)(2); |
| | * | Aggravated Identity Theft, 18 U.S.C. § |
| Defendant. | * | 1028A; Forfeiture, 18 U.S.C. § 982, 21 |
| | * | U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| | * | |
| | * | |

******

# CRIMINAL INFORMATION

## COUNT ONE
### (Conspiracy to Commit Access Device Fraud)

The Acting United States Attorney for the District of Maryland charges that:

### Introduction

At times material to this Criminal Information:

1. SUNDAY AJAYI ("AJAYI") resided in Baltimore, Maryland.

### The Conspiracy

2. Beginning in or about February 2021, and continuing thereafter until in or about December 2021, in the District of Maryland, the defendant,

**SUNDAY AJAYI,**

knowingly and willfully conspired and agreed with JOHNSON BIDEMI OGUNLANA ("OGUNLANA") and others to commit offenses under Title 18, United States Code, Section 1029(a), that is, knowingly and with intent to defraud, to effect transactions with access devices issued to other persons, to receive payments and things of value during any one-year period the aggregate value of which was greater than $1,000, in violation of Title 18, United States Code, Section 1029(a)(5).

1

## Manner and Means of the Conspiracy

3. It was part of the conspiracy that OGUNLANA would steal United States mail addressed to postal customers, would open the mail and review its contents without the authorization of the senders or intended recipients of the stolen mail, and would take from the mail payment cards issued to postal customers.

4. It was further part of the conspiracy OGUNLANA would transfer payment cards he stole from the mail to AJAYI.

5. It was further part of the conspiracy that AJAYI would use the stolen payment cards to effect fraudulent transactions and obtain goods and merchandise from retail establishments with an aggregate value exceeding $1,000.

## Overt Acts

6. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Maryland:

    a. On or about March 2, 2018, AJAYI used one or more payment cards issued to other persons to purchase laptop computers.

    b. On or about August 14, 2021, AJAYI used a payment card issued to K.Y. to purchase goods and merchandise from multiple retail establishments.

18 U.S.C. § 1029(b)(2)

## COUNT TWO
## (Aggravated Identity Theft)

The Acting United States Attorney for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 and 3 through 6 of Count One of the Criminal Information are incorporated here by reference.

2. Between on or about August 14, 2021, in the District of Maryland, the defendant,

**SUNDAY AJAYI,**

did, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, a payment card issued to, and bearing the name of, K.Y., during and in relation to a violation of Title 18, United States, Code, Section 1029(b)(2), as set forth in Count One of this Criminal Information.

18 U.S.C. § 1028A(a)(1), (c)(4)

# **FORFEITURE ALLEGATION**

The Acting United States Attorney for the District of Maryland further alleges that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as a part of any sentence in accordance with 18 U.S.C. §§ 982(a)(2) and 1029(c)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction on Count One of this Criminal Information.

2. Upon conviction of the offense charged in Count One of this Criminal Information, the defendant,

**SUNDAY AJAYI,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offense and, pursuant to 18 U.S.C. § 1029(c)(1)(C), any personal property used or intended to be used to commit the offense.

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property of the defendant pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. §§ 982(a)(2), 1029(c)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Jonathan F. Lenzner / [initials]*
_____
Jonathan F. Lenzner
Acting United States Attorney